Your Honor, in the Defendant's Rule 33 motion, it was the contention of the Defendant that had this assignment of insurance been shown to the jury, that she would have been acquitted of the charges. The question is whether or not this is truly newly-discovered   whether it's material to the issues, and whether she exercised diligence in attempting to locate the document. The counsel, it doesn't seem to be just a question as to whether this is newly-discovered, but there does seem to be some legitimate question about the authenticity of the document. The document seems quite inconsistent with the way in which Hoang and Ha dealt with each other, which is that things were carefully typed, things were carefully spelled out. When they had prior monies, they were down to $6,000, $3,000, $30,000, and all of a sudden you have something written in Vietnamese, not notarized, and it covers $300,000, and nobody knows about it until after the trial. Well, that's a good point, Your Honor. I think that's something that a jury is best equipped to determine, whether or not it is an authentic document. Had it been presented to the jury, it's our expectation it would be true. I'm sorry. Go ahead. Well, I suppose that the indicia that Judge Bivey refers to also go to this whole issue of whether it is, you know, newly-discovered evidence, or why, if it existed before, and we'll just assume it's authenticity, why there wasn't due diligence. It seems to me that's a threshold question you have to get over. That is correct, Your Honor. But I believe that there was mention of the document during the trial, so it was in existence at that time. The document was in the possession of another party. But even that actually goes against you. If you're on notice of the document and you have a whole trial, and you don't do, not meaning you, but the defendant doesn't do anything to get that document, which is ostensibly a sculptory, into the trial, it's too late. I recognize that, Your Honor. But there was testimony that it did exist, and she did attempt to find it. Again, I think just from the practical standpoint, I mean, I know what my garage is like, and I can't imagine what somebody else's garage is like, but I assume all garages are similar. This is a document that is critical to her defense, that is in the possession of another, an old woman, another person in a garage, a relatively small document, and she didn't make attempts to locate it. She was just unable to do so. And it is new evidence, at least with respect to her presentation. But even if we were to assume that it's new evidence, it's a very high burden. You have to show that there would be different. This is a new trial motion. So the standard is very high. And I'm not sure that you can get over that. Well, Your Honor, let's assume for a moment that the document was presented to a jury. If the jury determined that the document was, number one, authentic, the legal significance of the document would be that the defendant is not responsible for any of the criminal conduct of her co-defendant. That would be the end result of the jury accepting the authenticity of the document and its legal effect. I think its legal effect is clear. It would be completely exculpatory. I don't have a clear fix on exactly what the issues were before the jury, but this document purported to have her paying a very substantial sum of money for unidentified insurance policies. So even if we say the document is authentic and they should consider it, it's not the kind of a document that would necessarily persuade the jury that she had no involvement. Is that right? Well, it could be viewed that way, but I think that the legal effect of the document is that she no longer owned the pharmacy, that the money that was being paid by the insurance company was not being paid to her, but was being paid to the person to whom she sold the business and to whom the assignment was made. I think that would be the legal effect of the document. Again, whether it's an authentic document or not, of course, is a jury question, and that should be determined by a jury. I'd like you to talk a little bit about the sentencing issue in the case. Yes, Your Honor. I will do so. Your Honor, the pre-sentence report indicated a guideline range that was for amounts far in excess of that for which the defendant was ultimately found responsible by the judge at the time of sentencing. She reduced the amount from, I believe, in excess of a million dollars down to an amount that essentially cut in half the guideline range. It changed from a guideline range with a maximum sentence of 37 months, from 57 months down to 37 months. I mean, that's a significant increase in a sentence, which is based upon a factual finding that was not found true beyond a reasonable doubt by a jury. And it's not even within the guideline range of the federal sentencing guidelines. Assuming the amount that the judge found to be the true amount of restitution is correct, and I assume that it is correct, her guideline range would not have been 57 months. It would have been, I think, a maximum of 37 months. So she's still below what you think the guideline range would have called for. She has 30 months, and you're suggesting that the guideline range, instead of being up to 57 months, would have been 37 months. Correct. Your sense is still within the guideline range that you propose. The judge gave her 60 months. Oh, I'm sorry. Yes. I mean, he, in fact, it's double the, it was in excess of the amount recommended by the Probation Department. She has 63 months? 63. 63. 63. 63 months. It was in excess of the amount recommended by the Probation Department and in excess of the amount, I believe, requested by the government. So now, I guess the question then is, since it's above the guideline range, we don't have to address the issue of whether there's a presumption, but what, we're kind of in new territory on reasonableness, determinations in the Court of Appeals, as you know. Yes. And so what case or factors do you think we would look at to determine reasonableness? Well, I think you'd look at the purpose of the, of sentencing. It should be a sentence that's sufficient but not excessive, and look at the particular factors around the defendant. I mean, she, again, she received a sentence that is in excess of the guidelines, which are a recommendation, advisory, and I don't know what, for what purpose she received that additional time. Was it for rehabilitation? Was it for retribution? Well, yes, but in a different way. You know, in front of the Supreme Court right now, we have a number of cases that the Court is considering about the guideline ranges. If the Court were to determine that a sentence within the guideline range is presumptively reasonable, do you think that would affect how we would evaluate her sentence above the guideline range? Well, if it's presumptively valid within the guideline range, I would argue that it would be presumptively invalid if it's outside of the guideline range, especially if it's in excess of the guideline range. Did the judge adequately consider the 3553A factors? Well, respectfully, I don't believe so. We're talking about an individual here who has no criminal history whatsoever, was involved in a romantic relationship with a man who had been running this fraudulent operation for a lengthy period of time and who, in my opinion, controls everything she does. This is a person who was recently divorced, suffering from the trauma of that, but recently divorced and has three children. She was pregnant at the time of sentencing with another child, and she has four children. I guess the question is not exactly her situation, but whether the judge articulated reasons on the record in respect to the 3553A factors. What did she say about all these things? Your Honor, she basically spoke about the amount of the loss was so great that the re simply could not be no, I believe we argued for no time or probation. And she said because basically she distinguished this case on the basis of the amount. This was a very large fraud. Submitted? Thank you. Your Honors, may it please the Court, Lawrence Cole for the United States. Your Honors, if I might, I'd like to just address that very last point first to make sure that it doesn't get fleshed out or pointed out in the briefs, was that Judge Stotler, the district judge in this case, typically does two things to set forth the reasons under 3553. One is to discuss the factors orally at the hearing. But Judge Stotler in this case, as she typically does, issues a detailed written tentative ruling in advance of the sentencing hearing, which the parties are provided at the beginning, which sets forth in greater detail usually, and did so here, the reasoning that the Court followed for imposing a sentence. How far in advance do the parties get a copy of that? Just prior to the hearing. Just prior. Is that in the record? Yes, Your Honor. At the defendant's excerpts of record, 143 through 154, that was 143 to 154, is where that document is found. And it goes through in detail each of the not just the factors, but the Court lays out the government's position, defense's position, probation's position, and the Court's finding on each of the various points. The parties then have the benefit of that when they're discussing and arguing their positions, and the Court gives further rationale at the time. The one question I had about that procedure, which is, you know, I think helpful to have it all out in writing, like that, but I haven't seen exactly where that's been adopted as the decision. Do you see what I'm saying? Well, because I'm not, you know, when you read the sentencing transcript, it doesn't really cross-reference to that, and you don't see where the judge says, well, for all those reasons, plus the stuff I've just said, this is my reason. I believe, although I don't have it right at my fingertips, that towards the end of the hearing, the Court did say that something to the effect of the factual findings that the Court makes are those set forth. But in any case, I think the Court, for the purposes of the record, accomplishes what Your Honor is asking about by attaching the written ruling I mentioned to the judgment. She does say I rule in accord with the tentative ruling. Right. So that, in your view, means that that tentative ruling is, in fact, the ruling of the court. Yes. And then the ruling is, that's further memorialized by the ruling being attached to the J&C, as the record here reflects here. Your Honors, I'd like to respond to a couple other points that were made by counsel. Going back to the, well, let me actually, rather than going back to the guilt phase, let me stay on sentencing, since that's what we're discussing right now. It's actually two points that I'd like to focus on. First, this idea that the Court somehow made a sentence that was outside and beyond, above the guideline range, is just flat wrong. We pointed out in our brief, I think clearly explained in detail, that restitution was calculated in a different way from loss. What the Probation Office did for restitution was it took the responses to questionnaires that it received from victims, and most of the companies apparently didn't respond. It added those up and came up with a figure. In doing so, it mistakenly included some amounts that were from the codefendant's period of time when Huang wasn't involved. When figuring loss, it was a much different set of data that was used. It was the loss attributed to all 14 of the entities who paid false claims. Those numbers were added up and came up with this approximately 1.2 million figure. Now, it may have been that some confusion was created, because just by a pure calculation, those companies' payments happened to be almost equal to the total of the four companies who responded for restitution. But that was just coincidence. Those figures have a different basis, and the fact that one was cut down in no way indicates that the total loss was wrong. It's just incorrect. And so what is, in your view, the advisory guideline range? The Court correctly calculated it at 63 to 78 months. And another point that counsel made that I think was incorrect and should be noted that it's not correct was that the government, I think he argued that the 63 months was in excess of what the government requested. That's actually wrong. The government requested a higher sentence of 78 months. If you look at the defendant's extracts of record, page 149. And the PSR recommended what? The PSR did recommend a much lower sentence, yes, based on a Booker variance. The PSR, a variance under U.S. v. Booker, the probation office recommended that the court go below the guideline range based primarily on the family circumstances of the young children. And that issue was discussed at sentencing. And certainly, admittedly here, the defendant had several young children. There are cases that say sometimes fine, that to be a basis for a lower sentence. There's others that reject it. Those cases primarily and most often look to how unique, how indispensable is the defendant to the care of the children. Are there others who can substitute while the defendant is incarcerated? Apparently both parents were going to be incarcerated here. Is that right? As to one child. But she has four children. As to two of them, she has an ex-husband who actually has joint custody now. So as to those, there really is much less of an issue. As to the youngest child, who the probation office focused on the most, that child's father was not the co-defendant. That child's father is out of custody, is not part of this offense. So there's an other parent is still free. We just have one kid hanging out there without any parents. Is that right? And that child, the PSR indicated, was currently being cared for partially by a relative while the defendant worked. So you had relatives who were available to provide care. Let me ask this question. Since we have these Supreme Court cases coming down heaven knows when, should we be holding the case on the reasonableness issue? I thought that the Court might ask about that. My thought on that is it's not really necessary here for several reasons. First, this case would not really be affected by those because the judge here appropriately applied Booker and the 3553 factors, went through and discussed those factors in detail, considered them, and came out with a sentence that took those factors into account. The Court did not make any type of improper statement reflecting a use of a presumption. The Court did not go off on any of those types of considerations. And the Supreme Court cases where cert was granted really deal more with what's this Court's standard for review. But in looking at the district court here, even under a more strict standard, the Court considered the factors and reached an appropriate decision, gave weight to the mitigating circumstances here, went to the low end of the range. That range covers 15 months, which is approximately a 25 percent swing. The Court chose here after trial where the defendant had testified. And I would submit if you look at the evidence and look at the defendant's testimony in view of what the jury found, we argued for obstruction of justice. The Court did not enhance the sentence based on that. But taking those factors into account under Booker, the Court, going to the low end, was giving credence to the mitigating factors, was giving credit for those. Looking back at the first portion of the argument, the new trial portion of it, the Court, I think Your Honors, have focused on the two key problems with the new trial motion. One, that this was clearly not newly discovered evidence. It was at best newly available. I mean, there was extensive testimony at trial about the particulars of this agreement, this alleged agreement to sell the pharmacy, how much was being paid, what documents memorialize it. That was extensively discussed both on direct and cross-examination. If she had entered another agreement and had written another document, and this document's written in the first person. I mean, if somebody wrote this document at the time, the defendant's the one who wrote it. She obviously knew it existed. She never mentioned that it existed. She never said anything about trying to find it. And she didn't seek a continuance to try to obtain it. And, in fact, on direct, she actually said, as we pointed out in our brief, when asked, did you change the contract to indicate this $400,000, she said no. And that's mentioned at page 29 of the government's brief. But even if the document was considered and was deemed to be admissible and had been there at the time of the trial, the fact is that in this case, there was extensive documentation created by the defendants to create the appearance of a legitimate transaction when there really wasn't one. This document would just be one of another in a series of documents that they created to make it seem as if the pharmacy had been put or sold to the co-defendant Ha's elderly mother, put in her name. So having one more document that purported to show that wouldn't have convinced the jury. The jury rejected the other documents that were put out there that purported to show that. In fact, by convicting the defendant on the money laundering counts, the jury found that, in fact, this whole thing was set up in order to disguise and conceal the scheme, the proceeds coming from fraud. So this document would not have been persuasive to the jury, even if it had been presented at the time. I see my time is up, unless the Court has any further questions. Thank you. Do you want to respond? Just briefly, Your Honor. With respect to the issue of the children, there are cases that stress whether or not there are others who can care for these children. She has four children. One of the children was fathered by the co-defendant. He obviously can't take care of that child. And the other three children, respectfully, contrary to what counsel says, there were at least three stays in position of the sentence for the defendant because there was no one else to take care of these children. And I assume that is still the case today. She remains out on bail at this time. Thank you. Thank you. Thank counsel for your argument. The case of United States v. Huang is submitted. We'll next hear argument in United States v. Garcia.
judges: B. Fletcher, McKeown, Bybee